APPEARANCES:
For the Petitioner:
MICHAEL A. FITZPATRICK, ESQ. CT Page 983 Law Offices of Frank E. Babycos
734 Clinton Avenue Bridgeport, Connecticut 06604
For the Respondent:
STEPHEN J. SEDENSKY, III Assistant State's Attorney STATE'S ATTORNEY'S OFFICE
1061 Main Street Bridgeport, Connecticut 06604
 JUNE C. DePOLITO Court Monitor
(Following is the decision of Judge Howard Scheinblum in the case of Larson Jackson v. Warden, State Prison, Docket Number 00747.)
The petitioner has pursued only two claims at trial. First of all, that he was denied due process of law and the effective assistance of counsel in that his lawyer failed to withdraw as counsel when he became aware of a conflict of interest, and secondly, that he was rendered ineffective assistance of counsel when his trial attorney failed to introduce any evidence of drug dependency.
First of all, the petitioner bears the burden of proof in any habeas proceedings he has the burden of proving and establishing the underlying facts that form the basis of the claimed violations by a fair preponderance of the evidence, and the Court would cite the cases of Arey, A-R-E-Y, versus Warden, 187 Connecticut 324 at 331; that's a 1982 decision; and Blue versus Robinson,173 Connecticut 360 at page 370, and that is a 1977 decision.
With regard, first of all, to the claimed conflict of interest, the Court concludes that the petitioner failed to sustain his burden of proof on this issue.
Mr. Moran was unaware of any claim of conflict until February 10th, 1989 when Mr. Jackson was sentenced. Even if there was a conflict of interest in a technical sense only, there was no evidence that the petitioner was poorly represented CT Page 984 as a result of same. Mae Beasley was never called as a witness by either party. Even though the defense sought her for trial, she could not be located Jackson's claim that his confidence in his lawyer was shot, or words to that effect, is not tantamount to a showing of actual prejudice to his defense.
In addition thereto, the Court would refer counsel to Rule 1.10 of the Rules of Professional Conduct and opinions thereunder, and I read directly now from the Practice Book at page twenty-one.
"Similar questions can also arise with respect to lawyers in legal aid. Lawyers employed in the same unit of a legal service organization constitute a firm, but not necessarily those employed in separate units. As in the case of independent practitioners, whether the lawyer should be treated as associated with each other can depend on the particular Rule that is involved and on the specific facts of the situation."
The Court finds as proven that Part A and Part B public defenders were separate and distinct from one another; that they did not share any information, and that the only thing they did share was a common boss.
With regard now to the second claim that the petitioner was denied effective assistance of counsel because his attorney failed to introduce evidence of his drug dependency through the testimony of Joseph Hall and the medical records that were obtained from the Bridgeport Correctional Center, Mr. Jackson claims that he and his attorney decided to introduce that evidence and that he was surprised when Moran failed to do so.
Jackson testified that he and his lawyer argued after Hall testified Moran, on the other hand, testified that he and Jackson had several discussions regarding the issue of drug dependency. Moran and Jackson agreed jointly that it would not make sense to introduce ce evidence of drug dependency, but denied the facts as testified to by the State's witnesses.
Jackson, according to Moran, concurred with CT Page 985 his lawyer. He felt he did not want to testify and thereby allow into evidence his prior record, and he felt that evidence of drug dependency would be better produced at sentencing inasmuch as the trial judge indicated he would not impose a penalty of more than fifteen years if there was some indication of Jackson's drug dependency.
Moran and Jackson discussed specifically Joseph Hall's testimony, and Moran testified that Hall's primary function was to tell the Court that he didn't see Jackson throw down any drugs and to get into evidence certain photographs of the crime scene.
The Court finds that the credible evidence on the issue of drug dependency is that Jackson and Moran made the decision jointly; that Jackson was fully informed; and that Moran's conduct as an attorney was not substandard.
In conclusion, the petitioner had the benefit of competent counsel and he received a fair trial. Petitioner could not demonstrate by a fair preponderance of the evidence that he did not.
For these foregoing reasons then, the petition is denied and the petitioner is not entitled to relief of any kind.
SCHEINBLUM, J.